DISTRICT COURT OF GUAM

| | |
|---|---|
| RICHARD T. ARNOLD,<br>Plaintiff,<br><br>vs.<br><br>MANU P. MELWANI, ANITA MELWANI, LAWRENCE J. TEKER, THE SUPERIOR COURT OF GUAM, THE SUPREME COURT OF GUAM, and ROBERT P. KUTZ,<br>Defendants. | Civil Case No. 09-00030<br><br>**OPINION AND ORDER RE: PLAINTIFF'S MOTION FOR RECUSAL** |

This matter comes before the court on the Motion for Recusal filed on March 24, 2010 by the Plaintiff Richard T. Arnold ("the Plaintiff"), proceeding *pro se*. *See* Docket No. 25. Defendants Manu and Anita Melwani, Lawrence Teker and Robert Kutz filed their Opposition to Motion for Recusal on April 1, 2010. *See* Docket No. 32. Defendants Superior and Supreme Courts of Guam filed their Response re: Motion for Recusal on April 2, 2010. *See* Docket No. 35. The Plaintiff filed his Reply Brief on Recusal on April 9, 2010. *See* Docket No. 36. The court held a hearing on this motion on April 13, 2010. Upon review of the parties' filings and relevant authority, and after the arguments presented at the hearing, the court hereby **DENIES** the Motion for Recusal.

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

This case stems from litigation arising after the Plaintiff, president of local construction company Pacific Superior Enterprises Corp. ("PSEC"), had won a bid for the repair and renovation of Guam Housing and Urban Renewal Authority ("GHURA") residential housing units. *See* Docket No. 19, Exh. A and *GHURA v. Pac. Superior Enters. Corp.*, 2004 Guam 22 ¶ 3. The contract with GHURA required a performance or cash bond to guarantee completion.

*Id.* PSEC and Defendant Manu Melwani ("Melwani") entered a contract, whereby Melwani would provide the bond money and in turn, receive a share of profits from the construction projects. *See* Docket No. 19, Exh. A. As it turned out, PSEC did not complete the projects, and GHURA advised Melwani that his bond would be forfeited if the projects were not completed. 2004 Guam 22 ¶ 4. In response to such news, Melwani then completed the projects. *See id.* Thereafter, PSEC and Melwani separately claimed an entitlement to all payments from GHURA. *See id.*

The failed contract spawned much litigation, including an interpleader action filed by GHURA in the Superior Court to determine ownership rights to $411,978.15 due on the construction projects. *See id.* This interpleader action, Superior Court Case No. CV887-96, was eventually appealed to the Supreme Court of Guam, which issued an Opinion. *See id.*

## II. DISCUSSION

The Plaintiff argues that disqualification is required because the court had been assigned the interpleader case and recused herself; the case is very controversial; and the court has relationships with other judges and members of the Guam Bar that would affect her ability to be impartial. *See* Docket No. 25.

Title 28 U.S.C. § 455 enumerates the criteria for mandatory disqualification of all federal judges. Section 455(a) contains a general disqualification provision and mandates disqualification whenever a judge's "impartiality might reasonably be questioned." Foremost, "[j]udicial impartiality is presumed." *First Interstate Bank of Arizona, N.A. v. Murphy, Weir & Butler*, 210 F.3d 983, 987 (9th Cir. 2000). Nevertheless, the court is cognizant that a judge bears the burden of maintaining impartiality and the appearance of impartiality. *See id.* Therefore, the court has the independent duty to decide whether its impartiality might reasonably be questioned, despite the reasons given by the Plaintiff. Upon review of the filings and case authority, the court finds that none of the reasons asserted by the Plaintiff require disqualification under § 455.

### A. Participation in appellate panel

First, in light of the court's burden to maintain an appearance of impartiality, the undersigned judge requested information from the Superior Court about the interpleader case,

Civil Case No. 887-96, and the records from this case reveal that it had never been assigned to this judge. At the hearing, the Plaintiff was convinced that the undersigned judge had been assigned the interpleader case and had recused herself. However, Superior Court records indicate otherwise.

Furthermore, the Opinion from the Supreme Court appeal of the interpleader case indicate that the undersigned judge was a member of the appellate panel that decided *GHURA*, 2004 Guam 22. The Supreme Court records reveal that the Plaintiff did not object to the undersigned judge's participation on the panel. Ultimately, the appellate panel held, in part, that the dispute should have been subject to arbitration in accordance with the agreement between PSEC and Defendant Melwani. Specifically, the Supreme Court stated: "Our holding with respect to the issue of arbitrability precludes our need to reach the other issues raised by Melwani on appeal regarding consideration, unconscionability, and the business license affirmative defense." *GHURA*, 2004 Guam 22 ¶ 37. The case was remanded to the Superior Court.

Although not articulated by the Plaintiff, he appears to argue that the undersigned judge may have obtained information about the case as a result of her participation in the prior appellate proceeding. The United States Supreme Court has held, however, that when alleging prejudice, such prejudice must be from an extra-judicial source. In articulating this "extra-judicial source rule," the Court stated: "[O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Furthermore, "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion." *Id.* Here, any information learned by the undersigned judge about the case would have been through the litigation in the local courts arising from the Plaintiff's and Defendant Melwani's contract dispute.

**B.       Controversial nature of case and court's relationships with bench and bar**

The Ninth Circuit has stated: "We begin with the general proposition that, in the absence of a legitimate reason to recuse himself, 'a judge should participate in cases assigned.'" *United*

*States v. Holland*, 519 F.3d 909, 912 (quoting *Maier v. Orr*, 758 F.2d 1578, 1583 (Fed. Cir. 1985)). To determine whether there is a legitimate reason for disqualification, § 455 "asks whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits." *Clemens v. U.S. Dist. Court*, 428 F.3d 1175, 1178 (9th Cir. 2005) (quoting *In re Mason*, 916 F.2d 384, 385 (7th Cir.1990)). "The 'reasonable person' in this context means a 'well-informed, thoughtful observer,' as opposed to a 'hypersensitive or unduly suspicious person.'" *Id.* (quoting *Mason*, 916 F.2d at 385).

The Plaintiff contends that the controversial nature of the case and the court's relationships with judges and justices of the local court as well as member of the Guam Bar requires disqualification. The Ninth Circuit cited with approval "a helpful, nonexhaustive list of various matters not ordinarily sufficient to require a § 455(a) recusal" which includes:

> (1) Rumor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters, (2) the mere fact that a judge has previously expressed an opinion on a point of law or has expressed a dedication to upholding the law or a determination to impose severe punishment within the limits of the law upon those found guilty of a particular offense; (3) prior rulings in the proceeding, or another proceeding, solely because they were adverse; (4) mere familiarity with the defendant(s), or the type of charge, or kind of defense presented . . . .

*Clemens*, 428 F.3d at 1178-79 (quoting *Nichols v. Alley*, 71 F.3d 347, 351 (10th Cir. 1995)). The Plaintiff's arguments are not supported by memoranda, documents, or facts. He offers only opinion and speculation, and voices his fear "that defendants Melwani and [Lawrence] Teker will wrap their tentacles around her the same as they have in the local courts and law enforcement communities. It is highly apparent that the local courts have paid allegiance to defendant Melwani." Docket No. 36. He further contends that Defendants Melwani and Teker "hold a lot of power over government officials and the local courts" which is "why this case needs an off-island judge." Docket No. 36.

Before sitting on the bench of the Superior and Supreme Courts, the undersigned judge practiced as an assistant attorney general and then Chief Prosecutor at the Guam Office of the Attorney General. In her current capacity as the Chief Judge of the Federal District Court, she has maintained – and continues to maintain – a professional working relationship with her

former colleagues of the bench and the bar. The Plaintiff fails to present any facts to demonstrate that the undersigned judge would not be able to fairly and impartially rule on this case. Rather, his unsubstantiated allegations are precisely the "[r]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters" that courts have rejected as grounds for disqualification under § 455. *See Nichols*, 71 F.3d at 351; *see also M2 Software Inc. v. Madacy Entertainment*, 463 F.3d 870 (9th Cir. 2006) ("Disqualification is not required on the basis of remote, contingent, indirect or speculative interests.") (quoting *United States v. Bayless*, 201 F.3d 116, 127 (2d Cir. 2000); *Maier v. Orr*, 758 F.2d 1578, 1583 (Fed. Cir. 1985) ("Conclusory statements are of no effect. Nor are counsel's unsupported beliefs and assumptions. Frivolous and improperly based suggestions that a judge recuse should be firmly declined.").

Consequently, the court finds that a reasonable, well-informed, thoughtful observer with knowledge of all the facts would not conclude that this court's impartiality might reasonably be questioned under § 455(a).[1] *See Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993). Accordingly, the court hereby **DENIES** the Plaintiff's Motion for Recusal.

**SO ORDERED.**



/s/ Frances M. Tydingco-Gatewood
Chief Judge
Dated: May 14, 2010

---

[1] The court additionally finds that there is no basis for disqualification under § 455(b). There is no showing that the court "has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding" therefore § 455(b)(1) does not apply. The court was never in private practice and thus there can be no disqualification pursuant to § 455(b)(2). Again, § 455(b)(3) does not apply because the undersigned judge did not act as counsel or adviser or material witness in the proceeding. Next, § 455 (b)(4) does not apply because the court does not have "a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding." Finally, § 455(b)(5) does not apply because the undersigned judge, her husband or any person "within the third degree of relationship to either of them, or the spouse of such a person" is not a party or officer, director or trustee of a party; is a lawyer, is known by the judge to have an interest hat could be substantially affected by the outcome of the proceeding, and is to the judge's knowledge likely to be a material witness in the proceeding.