DISTRICT COURT OF GUAM

| | |
|---|---|
| RICHARD T. ARNOLD,<br>Plaintiff,<br><br>vs.<br><br>MANU P. MELWANI, ANITA MELWANI, LAWRENCE J. TEKER, THE SUPERIOR COURT OF GUAM, THE SUPREME COURT OF GUAM, and ROBERT P. KUTZ,<br>Defendants. | Civil Case No. 09-00030<br><br>**OPINION AND ORDER RE: PLAINTIFF'S MOTION FOR RECONSIDERATION AND MOTION TO CORRECT COURT'S FACTUAL BACKGROUND** |

This matter comes before the court on *Pro Se* Plaintiff Richard T. Arnold's ("the Plaintiff") Rule 60(b) Motion on Order Denying Recusal and Motion to Correct Court's Factual Background filed on June 18, 2010. *See* Docket No. 46. He requests the court first, reconsider its decision denying recusal; and second, correct the factual background in the Opinion and Order denying recusal (Docket No. 44). On July 7, 2010, the Defendants Superior Court and Supreme Court filed a Response re: Motion for Reconsideration. *See* Docket No. 48. On July 8, 2010, Defendants Robert Kutz, Manu and Anita Melwani and Lawrence Teker filed an Opposition to Motion for Reconsideration. *See* Docket No. 49. The Plaintiff filed his reply on July 14, 2010. *See* Docket No. 53. The court held a hearing on this motion on August 3, 2010. Upon review of the parties' filings and relevant authority, and arguments presented at the hearing, the court hereby **DENIES** the motions.

**A.  Motion for Reconsideration**

The Plaintiff contends that reconsideration is proper pursuant to Federal Civil Procedure Rule 60(b), which allows relief from judgment for the following reasons: (1) mistake,

inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) any other reason justifying relief from the operation of the judgment. See Fed.R.Civ.P. 60(b). The Plaintiff continues to argue that the undersigned judge must reconsider her prior decision and recuse herself from the case. He contends this judge had been assigned to and had disqualified herself from Superior Court of Guam Civil Case No. 887-96 ("the interpleader case"). However, the Plaintiff provides no evidence to support this argument for reconsideration, other than his continued insistence that she disqualified herself from the interpleader case.[1] As stated previously, Superior Court records show that Civil Case 887-96 was never assigned to the undersigned judge. *See* Docket No. 44. At the hearing on the reconsideration motion, the court advised the parties of its efforts regarding due diligence and its findings upon examination of Superior Court records. These records do not support the Plaintiff's argument that there are grounds warranting disqualification under 28 U.S.C. § 455. The Plaintiff has not shown the existence of either mistake or newly discovered evidence to justify reconsideration.

Second, the court finds that reconsideration is not warranted pursuant to Local Civil Rule 7.1(i), which states:

> Motion for Reconsideration. A motion for reconsideration of the decision on any motion may be made only on the grounds of
> (1) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or,
> (2) the emergence of new material facts or a change of law occurring after the time of such decision, or,
> (3) a manifest showing of a failure to consider material facts presented to the Court before such decision.
> No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

---

[1] The Plaintiff's written reconsideration motion presumably relies on Rule 60(b)(2), as he argues that he has newly discovered evidence showing this court had been assigned the interpleader case. In contrast, he stated during the August 3, 2010 hearing that his motion is based on mistake, that is, this court's mistaken belief that she had never been assigned to the interpleader case. *See* Rule 60(b)(1).

Local Civ. R. 7.1(i). The Plaintiff simply reiterates the arguments he made previously. He does not present facts or law that satisfies any of the three grounds for granting reconsideration set forth in this rule.

**B.  "Motion to Correct"**

The Plaintiff also argues that the court must "correct" the factual background contained in the Opinion and Order denying recusal, stating that it contained facts based on "straight out lies" that had been told to the Supreme Court. This argument seems to reflect the Plaintiff's continued insistence as his version of the events. Absent any legal authority or legal argument to support the request to "correct," this motion is denied.

**C.  Conclusion**

Accordingly, for the reasons stated at the hearing and contained herein, the court hereby **DENIES** the Plaintiff's Rule 60(b) Motion on Order Denying Recusal and Motion to Correct Court's Factual Background.

**SO ORDERED.**



**/s/ Frances M. Tydingco-Gatewood**
    **Chief Judge**
**Dated: Aug 04, 2010**