# DISTRICT COURT OF GUAM

RICHARD T. ARNOLD,

    Plaintiff,

vs.

MANU P. MELWANI, ANITA MELWANI, LAWRENCE J. TEKER, and ROBERT P. KUTZ,

    Defendants.

Civil Case No. 09-00030

**OPINION AND ORDER
RE: MOTIONS**

This matter comes before the court on motions filed by the Defendants Manu P. Melwani, Anita Melwani, Lawrence J. Teker and Robert P. Kutz ("the Melwani Defendants") and the Plaintiff Richard T. Arnold ("the Plaintiff"). Pursuant to Local Civil Rule 7.1(e)(3), this matter is appropriate for decision without oral argument.[1] After reviewing the record and relevant statutes and authority, the court hereby issues the following Opinion and Order.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

The factual and procedural history of the Plaintiff's dispute against the Melwani Defendants have been extensively set forth in rulings from both the Superior Court of Guam and the Supreme Court of Guam. The instant case arises from the Plaintiff's Complaint against the

---

[1] Local Civ. R. 7.1(e)(3) states "[i]n cases where the parties have requested oral argument, such oral argument may be taken off calendar by Order of the Court, in the discretion of the Court, and a decision rendered on the basis of the written materials on file."

Melwani Defendants and the Superior Court and Supreme Court, filed *pro se* on December 22, 2009. *See* Docket No. 1. The Plaintiff filed his First Amended Complaint on March 11, 2010. *See* Docket No. 16. The case was ultimately dismissed on March 31, 2011. *See* Docket No. 92. In light of the Plaintiff's status as a *pro se* litigant, he was granted leave to amend as to Counts I, II and IV of his First Amended Complaint; however, Count III was dismissed with prejudice based on the *Rooker-Feldman* doctrine and judicial immunity. *See id.* Judgment was entered on March 31, 2011. *See* Docket No. 93.

The Melwani Defendants filed their Motion to Amend Judgment on April 14, 2011. *See* Docket No. 95. The Plaintiff subsequently filed three motions relating to the court's Opinion and Order: a Motion for Reconsideration Under FRCP Rule 59(e) re: Dismissal of Plaintiff's Count III with Prejudice and FRCP 60(B)(4) Motion filed on April 27, 2011 (Docket No. 98); an Amended Rule 60(B)4 Motion to Vacate Certain Orders, Judgments, and Opinions of the Superior and Supreme Courts of Guam filed on April 27, 2011 (Docket No. 99); and a Motion to Vacate Judgments of the Superior Court in SP0057-07 and Affirming Opinions of the Supreme Court of Guam Under FRCP Rule 60(b)(4) filed on April 27, 2011 (Docket No. 100). The Plaintiff filed an Opposition to the Melwani Defendants' Motion to Amend Judgment, and the Melwani Defendants filed a reply. *See* Docket Nos. 108 and 111. The Melwani Defendants did not file responses to the Plaintiff's motions.

In addition, the Plaintiff filed a Notice of Constitutional Question Under FRCP Rule 5.1 on May 5, 2011, challenging the constitutionality of District Court of Guam Local Civil Rule LR 7.1. *See* Docket No. 101. Finally, also on May 5, 2011, the Plaintiff requested that he be allowed to effectuate service by filing documents in the district court and contacting counsel telephonically. Docket No. 102. The court will consider each motion below.

## II. DISCUSSION

### A. The Melwani Defendants' Motion to Amend Judgment

The Melwani Defendants request that the court amend its Judgment and dismiss all counts of the First Amended Complaint with prejudice. Essentially, the Melwani Defendants argue that there is newly discovered evidence that defeat the Plaintiff's claim that there is

diversity citizenship. *See* Docket No. 95. They cite Federal Civil Procedure Rule 59(e), which states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59 (e). They also cite Federal Civil Procedure Rule 60(b), which states:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

The court's analysis is the same under either Rule 59(e) or Rule 60(b). *Jones v. Aero/Chem Corp.*, 921 F.2d 875, 878 (9th Cir. 1990) ("The same standard applies to motions on the ground of newly discovered evidence whether they are made under Rule 59 or Rule 60(b)(2).") (quoting 11 C. Wright & A. Miller, FEDERAL PRACTICE AND PROCEDURE, Civil § 2859 (1973)). That is, the party seeking amendment must show that the evidence "(1) existed at the time of the trial, (2) could not have been discovered through due diligence, and (3) was 'of such magnitude that production of it earlier would have been likely to change the disposition of the case.'" *Jones*, 921 F.2d at 878 (quoting *Coastal Transfer Co. v. Toyota Motor Sales, U.S.A.*, 833 F.2d 208, 211 (9th Cir. 1987).

To support their claim, the Melwani Defendants contend there is "newly discovered evidence," that is, an Eighth Circuit Court opinion, *Arnold v. Wood*, 238 F.3d 992 (8th Cir. 2000), to warrant amending the judgment. In *Wood*, the Plaintiff had claimed to be a resident of Guam in order to support the case he had filed in the Eastern District of Missouri, where he had

alleged the existence of diversity jurisdiction. *Id.* However, the court is not persuaded that the Eighth Circuit opinion in *Wood*, satisfies the test for "newly discovered evidence" as set forth in *Jones*.

As to the first factor, this decision was issued in 2001 and thus, certainly "existed at the time of the trial," or the entire time this case was pending in this court. *Jones*, 921 F.2d at 878. This factor clearly weighs against a finding of newly discovered evidence.

As to the second factor, it is not entirely clear that the decision could have been discovered through due diligence; thus, this factor is inconclusive.

As to the third factor, the court does not believe that the existence of the Eighth Circuit decision was "of such magnitude that production of it earlier would have been likely to change the disposition of the case." *Coastal Transfer Co.*, 833 F.2d at 211. The Melwani Defendants argue that in *Wood*, the Plaintiff used self-serving affidavits to support his claim of domicile on Guam – just as he is using self-serving affidavits in the instant case to support his claim of citizenship in Missouri. Docket No. 95. They characterize the Plaintiff's revolving claims of citizenship as "deceitful conduct, if not an outright attempt at defrauding the Court." Docket No. 95. In *Wood*, the Eighth Circuit recognized that the Plaintiff was living in Guam in October 1998 when he initiated the Missouri lawsuit, but did not rule on the issue of Plaintiff's citizenship. *Wood*, 238 F.3d at 994. Indeed, in his appellate brief to the Eighth Circuit, the Plaintiff alleged that "[d]uring the entire period of time that he maintained a residence in the U.S. Territory of Guam, Mr. Arnold intended to return to Missouri . . . ." *See Arnold v. Wood*, Appellate Case No. 00-1563, Docket No. 17, at p. 5 (May 9, 2000) (Appellant's Brief). This intent is reiterated in his February 18, 2011 Affidavit to Prove Diversity of Citizenship. *See* Docket No. 88.

The Ninth Circuit has stated that "a person's old domicile is not lost until a new one is acquired. A change in domicile requires the confluence of (a) physical presence at the new location with (b) an intention to remain there indefinitely." *Lew v. Moss*, 797 F.2d 747, 750 (9th Cir. 1986) (citations omitted). Here, the Plaintiff, although physically present on Guam, has not stated his intention to remain here indefinitely. Rather, he maintains that he wishes to return to

- 4 -

Missouri. Therefore, the fact that the Eighth Circuit indicated in *Wood* that the Plaintiff was living in Guam when he initiated his case in the Eastern District of Missouri, would not have been likely to change the disposition of this court's dismissal of the Plaintiff's case. *See* Docket No. 92.

Accordingly, both the second and third factors counsel against finding that *Wood* constitutes newly discovered evidence to support the Melwani Defendants' Motion to Amend Judgment. For the reasons stated above, this motion is hereby **DENIED**.

### B. The Plaintiff's Motion for Reconsideration pursuant to FRCP 59(e)

The Plaintiff seeks reconsideration of this court's decision to dismiss Count III with prejudice and this court's mooting the Plaintiff's Rule 60(b)(4) Motion to Vacate Certain Orders, Judgments, and Opinions of the Superior and Supreme courts of Guam. *See* Docket No. 98. In its March 31, 2011 Opinion and Order, the court construed the Plaintiff's allegations in Count III as "a forbidden de facto appeal from the decisions of Guam's Superior and Supreme Courts."[2] Docket No. 92. The court dismissed Count III with prejudice, finding that it lacked jurisdiction based on the *Rooker/Feldman* doctrine. *See id.* The dismissal was also grounded in principles of judicial immunity. *See id.*

In seeking reconsideration of the dismissal of Count III with prejudice, the Plaintiff cites Federal Civil Procedure Rule 59(e), which states that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." FED. R. CIV. P. 59(e). The Ninth Circuit has articulated three grounds justifying reconsideration : (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *Mustafa v. Clark Cnty. Sch. Dist.*, 157 F.3d 1169, 1178-79 (9th Cir. 1998).

The Plaintiff fails to demonstrate an intervening change in controlling law, and he presents no new evidence for the court to consider. Moreover, his citation to *Exxon Mobil v.*

---

[2] In Count III, the Plaintiff alleged, *inter alia*, that: "Both courts have failed to properly rule concerning the contract signed by the plaintiff and [Defendant] Manu Melwani and have abused their discretionary powers to delay and deprive plaintiff of his money." Docket No. 16.

- 5 -

*Saudi Basic Indus.*, 544 U.S. 280 (2005), does not support his argument.[3] He does not argue that there is a need to correct clear error or prevent manifest injustice; he simply reiterates his challenges to the rulings of the Superior Courts and Supreme Courts. Moreover, his motion neither discloses any new facts that the court was unaware of, nor does it reveal any manifest error of law in the court's ruling. *In re Agric. Research & Tech. Group*, 916 F.2d 528, 542 (9th Cir. 1990) ("Motions for reconsideration may properly be denied where the motion fails to state new law or facts").

Accordingly, the court **DENIES** the Plaintiff's Motion for Reconsideration Under FRCP Rule 59(e).

### C. The Plaintiff's Motions to as to Orders, Judgments, and Opinions of the Superior and Supreme Courts of Guam

In two separate motions, the Plaintiff asks this court to vacate judgments of the Superior and Supreme Courts of Guam arising from Superior Court of Guam Civil Case No. CV887-96 (Docket No. 99) and Superior Court of Guam Special Proceedings Case No. SP0057-07 (Docket No. 100). The Plaintiff essentially raises the same arguments that were previously rejected by this court in its March 31, 2011 Opinion and Order. This court held, *inter alia*, that the Plaintiff's claims against the Superior and Supreme Courts were barred by the *Rooker-Feldman* doctrine and principles of judicial immunity. Docket No. 92.

These motions reveal that the Plaintiff fails to comprehend that the District Court of Guam cannot grant the relief he seeks – to vacate the rulings of the Superior or Supreme Courts of Guam. "As courts of original jurisdiction . . . federal district courts lack jurisdiction to review

---

[3] In fact, this court quoted *Exxon Mobil* as demonstrating the precise situation in the instant case, where the Plaintiff lost in the local courts of Guam, and subsequently sought review in the federal court system:

> The *Rooker- Feldman* doctrine, we hold today, is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.

*Exxon Mobil.*, 544 U.S. at 284.

the final determinations of a state court in judicial proceedings." *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1029 (9th Cir. 2001). "This doctrine applies even when the challenge to the state court decision involves federal constitutional issues." *Worldwide Church of God v. McNair*, 805 F.2d 888, 891 (9th Cir. 1986).

Therefore, the court **DENIES** the Plaintiff's Amended Rule 60(B)4 Motion to Vacate Certain Orders, Judgments, and Opinions of the Superior and Supreme Courts of Guam and Motion to Vacate Judgments of the Superior Court in SP0057-07 and Affirming Opinions of the Supreme Court of Guam Under FRCP Rule 60(b)(4). *See* Docket Nos. 99 and 100.

### D. The Plaintiff's Notice of Constitutional Question Under FRCP Rule 5.1

The Plaintiff filed a Notice of Constitutional Question Under FRCP Rule 5.1 challenging the constitutionality of District Court of Guam Local Civil Rule LR 7.1. *See* Docket No. 101. He requests this court certify the constitutionality of this rule to the Attorney General of the United States. *See id.*

Federal Civil Rule 5.1 states, in relevant part:

(a) Notice by a Party. A party that files a pleading, written motion, or other paper drawing into question the constitutionality of a federal or state statute must promptly:

(1) file a notice of constitutional question stating the question and identifying the paper that raises it, if:

(A) a federal statute is questioned and the parties do not include the United States, one of its agencies, or one of its officers or employees in an official capacity . . . . [and]

(2) serve the notice and paper on the Attorney General of the United States if a federal statute is questioned . . . either by certified or registered mail or by sending it to an electronic address designated by the attorney general for this purpose.

FED. R. CIV. P. 5.1(a)(1)(A).

The Plaintiff's motion is without merit. The Plaintiff himself concedes that Local Civil Rule LR 7.1 "is not designated as a statute." Docket No. 101, p. 2. Federal Civil Procedure Rule 5.1 only pertains to pleadings "drawing into question the constitutionality of a federal or state statute." FED. R. CIV. P. 5.1(a). Here, the Plaintiff challenges this court's local rule of practice, which is not a "federal or state statute." Accordingly, Rule 5.1 is inapplicable here. *See Gillon v. Fed. Bureau of Prisons*, No. 10–1425, 2011 WL 2023411, *3 (10th Cir. May 25,

2011) (finding a prisoner's reliance on Rule 5.1 to challenge Bureau of Prisons policies "entirely without merit"); *compare Oklahoma ex rel. Edmondson v. Pope*, 516 F.3d 1214 (10th Cir. 2008) (remanding a case to the district court to certify a party's challenge to the constitutionality of a portion of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227).

Accordingly, the court **DENIES** the Plaintiff's request pursuant to Federal Civil Rule 5.1 to certify the constitutionality of Local Civil Rule 5.1.

### E. The Plaintiff's Motion for Order and Stipulation of Service by Electronic Means

Finally, the Plaintiff "moves the court for a stipulation and order to provide service to opposing counsel by filing with the district court together with a phone call notifying counsel of the filing." Docket No. 102. He represents that he and opposing counsel "had verbally stipulated and agreed to this arrangement of service last year." *Id.* He also states that he cannot afford the cost of copies and postage for mailing. *See id.*

Service of process for papers other than the complaint is governed by Federal Civil Procedure Rule 5; Local Civil Rule 5.1; and the amended Administrative Procedures For the Electronic Filing, Signing, Verifying, and Serving of Civil and Criminal Documents adopted by this court. The procedure for service proposed by the Plaintiff does not comport with the federal or local rules of practice and procedure. Notwithstanding the Plaintiff's representation that the parties had reached a verbal agreement as to an alternative method of service of process, the court cannot grant his motion absent a written stipulation that has been signed by the parties and/or counsel.

Accordingly, the court **DENIES** the Plaintiff's motion for Order and Stipulation of Service by Electronic Means.

**IT IS SO ORDERED.**



/s/ **Frances M. Tydingco-Gatewood**
**Chief Judge**
**Dated: Aug 31, 2011**