IN THE DISTRICT COURT OF GUAM

| | | |
|---|---|---|
| RICHARD T. ARNOLD, | ) | CV. NO. 09-00030 DAE |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MANU P. MELWANI, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

ORDER: (1) DENYING PLAINTIFF'S MOTIONS FOR RECONSIDERATION;
(2) DENYING PLAINTIFF'S MOTION TO VACATE

Pursuant to Local Civil Rule 7.1(e), the Court finds this matter suitable for disposition without a hearing. After reviewing the motions and the supporting and opposing memoranda, the Court DENIES Plaintiff Richard T. Arnold's Motions for Reconsideration (docs. ## 114, 123) and DENIES Plaintiff's Motion to Vacate (doc. # 164).

BACKGROUND

The instant litigation arises out of a contract dispute between Plaintiff Richard T. Arnold's ("Plaintiff") construction company, Pacific Superior Enterprises Corp., and Defendant Manu P. Melwani over ownership rights to payment on a renovation project for Guam Housing and Urban Renewal Authority

("GHURA") residential housing units. (Doc. # 19, Ex. A.) On June 14, 1996, GHURA filed an interpleader action, CV887-96, in the Superior Court of Guam to determine ownership rights to the fees for the renovation. (See "SAC," Doc. # 124 at 2.) Plaintiff's dispute with Defendant Manu P. Melawani has spurred over a decade of litigation. Because the Superior and Supreme Courts of Guam have extensively set forth the factual and procedural history of the conflict, this Court need not restate those facts here.

On December 22, 2009, Plaintiff filed the instant action in federal district court, seeking to recover money related to his dispute with Defendant Melwani that he alleged the Superior Court of Guam had withheld from him in a "fourteen year . . . unconstitutional prejudgment attachment." (See "Compl.," Doc. # 1 at 1.) Plaintiff filed his First Amended Complaint ("FAC") on March 11, 2010. (Doc. # 16.) Early in the litigation, Plaintiff moved for the recusal of Chief Judge Frances Tydingco-Gatewood, which she denied. (See docs. ## 25, 44.) Plaintiff then sought reconsideration of that ruling, which she also denied. (Docs. ## 46, 58.) He then appealed the order denying reconsideration to the Ninth Circuit, but the action was dismissed for lack of appellate jurisdiction. (See docs. ## 62, 69.)

On March 31, 2011, the Court dismissed the FAC pursuant to Federal

Rule of Civil Procedure 12(b)(6) for failure to state a claim. (Doc. # 92.) However, in light of Plaintiff's pro se status, the Court granted Plaintiff leave to amend as to Counts I, II and IV of the FAC. (See Doc. # 92.) However, the Court dismissed Count III – in which Plaintiff challenged the legality of certain decisions of the Superior and Supreme Courts of Guam – with prejudice based on the Rooker-Feldman doctrine and judicial immunity. See id. The Court then entered judgment as to Count III on March 31, 2011. (See doc. # 93.)

      The Melwani Defendants[1] filed a Motion to Amend Judgment on April 14, 2011, asking that the Court dismiss the entirety of the FAC with prejudice. (Doc. # 95.) Shortly thereafter, on April 27, 2011, Plaintiff filed three motions. First, Plaintiff filed a Motion for Reconsideration of the Court's prior March 31, 2011 Order dismissing Count III of the FAC with prejudice. (Doc. # 98.) Second, Plaintiff filed a Motion to Vacate an August 14, 2000 decision of the Superior Court of Guam granting partial summary judgment as well as the final judgment entered in favor of Defendant Melwani on May 8, 2001. (See doc. # 99.) Third, Plaintiff filed a Motion to Vacate the judgment of the Superior Court of Guam in Special Proceedings Case No. 0057-07. (Doc. # 100.)

---

[1] The Melwani Defendants include Manu P. Melawani, Anita Melwani, Lawrence Melwani, J. Teker, and Robert P. Kutz.

Approximately one week later, Plaintiff filed a fourth motion, a Notice of a Constitutional Question, challenging the constitutionality of District of Guam Local Civil Rule 7.1. (Doc. # 101.)

On August 31, 2011, the Court issued an order denying the Melwani Defendants' Motion to Amend Judgment (doc. # 95) and also denying all four of Plaintiff's motions (docs. ## 98-101). (Doc. # 112.)

On October 14, 2011, Plaintiff filed a second Motion for Reconsideration of the Court's March 31, 2011 Order dismissing Count III with prejudice. (Doc. # 114.) The motion also asked for reconsideration of the Court's dismissal of Plaintiff's constitutional question in its August 31, 2011 Order. (Id.) On January 20, 2012, the Melwani Defendants filed an Opposition to the Motion for Reconsideration. (Doc. # 120.) On January 24, 2012, Plaintiff filed a Reply to Melwani Defendants' Opposition. (Doc. # 122.)

On January 27, 2012, Plaintiff filed a Motion for Reconsideration of the Court's August 31, 2011 Order denying his Motion for Reconsideration as to the Court's dismissal of Count III of the FAC with prejudice (doc. # 98) and denying Plaintiff's two Motions to Vacate various judgments of the Superior and Supreme Courts of Guam (docs. ## 99, 100). (Doc. # 123.)

Shortly thereafter, on February 10, 2012, Plaintiff filed a Second

Amended Complaint ("SAC"). (Doc. # 124.) Because the SAC named her as a defendant, Chief Judge Tydingco-Gatewood recused herself from the instant case on March 28, 2012. (Doc. # 126.) Subsequently, a group of defendants made up of former members of the Guam judiciary[2] brought a Motion to Dismiss and a Motion to Strike the SAC on June 12, 2012. (Doc. # 133.) They also filed a Motion to Declare Plaintiff a Vexatious Litigant the following day, on June 13, 2012. (Doc. # 135.) A group of defendants comprised of current officers of the Guam judiciary[3] substantively joined both motions. (See docs. ## 136-137.) On August 7, 2012, the Melwani Defendants filed a Motion to Dismiss for Lack of Jurisdiction. (Doc. # 159.)

On August 17, 2012, this Court scheduled a hearing on the Motion to Dismiss and Strike SAC (doc. # 133), the Motion to Declare Plaintiff a Vexatious Litigant (doc. # 135), and the Motion to Dismiss for Lack of Jurisdiction (doc. # 159). (Doc. # 161.) The hearing is set for October 19, 2012. (Id.) Finally, on August 31, 2012, Plaintiff filed a Motion to Vacate the Court's August 31, 2011

---

[2] The group includes Benjamin Cruz, Frances Tydingco-Gatewood, Joaquin Manibusan, Peter Siguenza, and Mitchell Thompson.

[3] The group includes Richard Benson, Michael J. Bordallo, F. Phillip Carbullido, John Manglona, Catherine Maraman, the Superior Court of Guam, the Supreme Court of Guam, and Robert Torres.

5

Order. (Doc. # 164.) On September 14, 2012, the former and current members of the Guam judiciary filed Oppositions to Plaintiff's Motion to Vacate. (Docs. ## 166, 167.) On September 18, 2012, the Melwani Defendants filed a Joinder in Opposition to Motion to Vacate. (Doc. # 168.)

STANDARD OF REVIEW

Parties may bring motions for reconsideration pursuant to Federal Rules of Civil Procedure 59(e) or 60(b). While the Federal Rules of Civil Procedure do not expressly provide for a "motion for reconsideration," such a motion is usually construed as either a Rule 59(e) motion to alter or amend the judgment or a Rule 60(b) motion for relief from a "final judgment, order, or proceeding."

A motion for reconsideration under Rule 59(e) is only granted in "highly unusual circumstances" when the district court: (1) is presented with newly discovered evidence; (2) has committed clear error; or (3) if there is an intervening change in the controlling law. 389 Orange Street Partners v. Arnold, 179 F.3d 656, 665 (9th Cir. 1999). Moreover, a Rule 59(e) motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Kona Enterprises, Inc. v. Estate of Bishop, 229 F.3d 877, 890 (9th Cir. 2000).

Under Rule 60(b), courts may only reconsider a final order on certain enumerated grounds. These grounds include:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> . . .
> (3) fraud . . . misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason justifying relief from the operation of the judgment.

However, a Rule 60(b) motion is not an avenue to relitigate the same issues and arguments upon which the Court already has ruled. <u>Brown v. Kinross Gold, U.S.A.</u>, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005); <u>see</u> <u>Merozoite v. Thorp</u>, 52 F. 3d 252, 255 (9th Cir. 1995).

Additionally, Rules 59(e) and 60(b) do not contemplate reconsideration of interlocutory orders. <u>See, e.g.</u>, Fed. R. Civ. P. 60(b) (specifying that Rule 60(b) applies only to "a final judgment, order, or proceeding"). However, a district court may reconsider an interlocutory order pursuant to Federal Rule of Civil Procedure 54(b), which allows courts to revise "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . before the entry of judgment." A district court also "possesses the inherent procedural power to reconsider,

7

rescind, or modify an interlocutory order for cause seen by it to be sufficient" so long as it has jurisdiction. City of L.A., Harbor Div. v. Santa Monica Baykeeper, 254 F.3d 882, 885 (9th Cir. 2001). This plenary power derives from the common law, and is not limited by the provisions of the Federal Rules of Civil Procedure, so long as it is not exercised inconsistently with those rules. See id. at 886-87. Several districts in the Ninth Circuit have adopted local rules governing reconsideration of interlocutory orders. See, e.g., D. Haw. L.R. 60.1 (2009). The District of Guam has adopted Local Civil Rule 7.1(i), which provides:

> A motion for reconsideration of the decision of any motion may be made only on the grounds of:
>
> (1) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or,
> (2) the emergence of new material facts or a change of law occurring after the time of such decision, or,
> (3) a manifest showing of a failure to consider material facts presented to the Court before such decision.
>
> No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion.

## DISCUSSION

The Court decides the three pending motions which are not set for hearing, namely: (1) Plaintiff's Motion for Reconsideration of certain aspects of the Court's March 31, 2011 Order and of the dismissal of Plaintiff's constitutional

8

question (doc. # 114); (2) Plaintiff's Motion for Reconsideration of the Court's August 31, 2011 Order (doc. # 123); and (3) Plaintiff's Motion to Vacate the Court's August 31, 2011 Order (doc. # 164). For the reasons set forth below, the Court denies Plaintiff's Motions for Reconsideration (docs. ## 114, 123) and Plaintiff's Motion to Vacate (doc. # 164).

I. <u>Plaintiff's Motion for Reconsideration of (1) the March 31, 2011 Order and (2) Dismissal of Constitutional Question</u>

Plaintiff asks the Court to reconsider for a second time its March 31, 2011 Order dismissing Count III with prejudice. (Doc. # 114.) Plaintiff also seeks reconsideration of the dismissal of Plaintiff's constitutional question in its August 31, 2011 Order. (<u>Id.</u>) These two aspects of the Motion for Reconsideration are discussed separately below.

    A. <u>Dismissal of Count III of FAC with Prejudice</u>

Previously, in its March 31, 2011 Order, this Court dismissed Count III of the FAC – in which Plaintiff challenged the legality of certain decisions of the Superior and Supreme Courts of Guam – with prejudice based on the <u>Rooker-Feldman</u> doctrine and judicial immunity. (Doc. # 92.) The Court also entered judgment as to this claim. Plaintiff then filed a Motion for Reconsideration pursuant to Rule 59(e) on April 27, 2011, which the Court denied. (<u>See</u>

9

docs. ## 95, 112.) Plaintiff subsequently filed the instant Motion for Reconsideration on October 14, 2011, citing Federal Rules of Civil Procedure 60(b)(1), (b)(5) and (b)(6) in his opening paragraph. (See doc. # 114 at 1.)

Federal Rule of Civil Procedure 60(b)(1) provides that a court may relieve a party from a final judgment "on the basis of mistake, inadvertence, surprise, or excusable neglect." Despite citing this prong of Rule 60(b) in the first paragraph of his Motion for Reconsideration, Plaintiff does not specifically argue that there was any kind of "mistake, inadvertence, surprise or excusable neglect" relating to the Court's March 31, 2011 Order. However, even to the extent that Plaintiff appears to be asserting "mistake" on the part of this Court regarding the Rooker-Feldman doctrine, he fails to state grounds under Rule 60(b)(1) for reconsideration of the Court's order. In a Rule 60(b)(1) motion based on mistake by the court, the "plaintiff must show that the district court committed a specific error." Straw v. Bowen, 866 F.2d 1167, 1172 (9th Cir. 1989) (citing Thompson v. Hous. Auth. of the City of Los Angeles, 782 F.2d 829, 832 (9th Cir. 1986)).

Plaintiff has not shown that this Court committed specific error. Plaintiff argues that Rooker-Feldman applies only if the federal suit is filed after the state court renders its final judgment and that there has been no "final" judgment in the on-going territorial court case. (Doc. # 114 at 23.) However, the

10

mere fact that a state court plaintiff has filed his federal suit before his state court appeals have concluded cannot be enough to open the door for a federal district court to review the state court decisions. Marciano v. White, 431 Fed. Appx. 611, 613 (9th Cir. 2011). "To hold otherwise would run counter to the [Rooker-Feldman] doctrine's underlying principle that review of state court decisions must proceed through the state appellate procedure and then to the United States Supreme Court." See id. (citing Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 292 (2005)). In the instant case, Plaintiff is asking the federal court to reverse various judgments of the Superior and Supreme Courts of Guam. This is exactly the type of relief that the district court lacks jurisdiction to grant under the Rooker-Feldman doctrine. See Exxon Mobil, 544 U.S. at 291 ("The Rooker–Feldman doctrine is confined to cases . . . brought by state-court losers complaining of injuries caused by state-court judgments . . . and inviting district court review and rejection of those judgments."). This Court cannot sit as an appellate court over the judgments of the Superior and Supreme Courts of Guam. See id. at 292. Thus, Plaintiff has failed to identify clear error on the part of this Court and is not entitled to relief under Rule 60(b)(1).

In his motion, Plaintiff also cites Rule 60(b)(5) as another ground for reconsideration. Rule 60(b)(5) permits a party to obtain relief from a judgment or

11

Case 1:09-cv-00030   Document 169   Filed 09/20/12   Page 11 of 20

order if, among other things, "applying [the judgment or order] prospectively is no longer equitable." Horne v. Flores, 557 U.S. 433, 447 (2009). Plaintiff asserts that the Court's March 31, 2011 Order "is no longer equitable," yet does not argue that any circumstances have changed to render the order inequitable. (See Doc. # 114 at 12.) Instead, Plaintiff expresses disagreement with Chief Judge Tydingco-Gatewood's application of the Rooker-Feldman doctrine. In employing this argument, Plaintiff appears to misunderstand the purpose of Rule 60(b)(5). A party cannot use a Rule 60(b)(5) motion as a "substitute for an appeal" or to challenge the legal conclusions on which a prior judgment or order rests. Horne, 557 U.S. at 447. Instead, Rule 60(b)(5) allows modification of a judgment only if "a significant change in either factual conditions or law" renders continued enforcement "detrimental to the public interest." Id. (citing Rufo v. Inmates of Suffolk Cnty. Jail, 502 U.S. 367, 384 (1992)). Because Plaintiff has not identified any significant change in either factual conditions or law, he has not stated sufficient grounds for relief under Rule 60(b)(5).

Plaintiff also invokes Rule 60(b)(6) to no avail. Rule 60(b)(6) is a "catchall provision" that applies when a party gives a reason for granting relief from a final judgment or order that is not covered by any of the other reasons set forth in Rule 60(b). United States v. Washington, 394 F.3d 1152, 1157 (9th Cir.

2005), overruled on other grounds. Courts may use Rule 60(b)(6) to prevent "manifest injustice" and "only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Id. To prevail, a "party who moves for such relief 'must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with . . . the action in a proper fashion.'" Id. (citing Cmty. Dental Servs. v. Tani, 282 F.3d 1164, 1168 (9th Cir. 2002)).

In the instant case, Plaintiff has not alleged any "extraordinary circumstances" that prevented him from properly representing his interests in the instant federal action that would warrant reconsideration of this Court's order. Despite Plaintiff's sincere belief in the injustice of the rulings of the Superior and Supreme Courts of Guam, those rulings are irrelevant to the issue of whether he was given a fair hearing before this Court. Indeed, Plaintiff has already had two prior chances to represent his interests before this Court – when the Court first issued its March 31, 2011 Order and when Plaintiff filed a motion for reconsideration of that order the first time. Accordingly, Rule 60(b)(6) provides Plaintiff no basis for relief from the Court's March 31, 2011 Order.

B. Dismissal of Constitutional Question

In his Motion for Reconsideration, Plaintiff also seeks reconsideration

13

of the Court's August 31, 2011 Order dismissing Plaintiff's constitutional challenge to Local Civil Rule 7.1, which he brought under Federal Rule of Civil Procedure 5.1.[4] Plaintiff requests that the Court "disregard FRCP rule 5.1(a)(1)(A) altogether and rule on the crux of the matter which is whether his two questions regarding the constitutionality of Rule 7.1 have merit . . ." (Doc. # 112 at 35.) Thus, Plaintiff asks to present a different legal argument as to why Rule 7.1 is unconstitutional.

As a preliminary matter, the Court notes the August 31, 2011 Order dismissing Plaintiff's constitutional question is an interlocutory order. As such, a motion for reconsideration of this order is not governed by Rule 60(b). See Fed. R. Civ. P. 60(b) (specifying that this rule only applies to "a final judgment, order, or proceeding"). Because Plaintiff does not specify which rule he is invoking to ask for reconsideration of the Court's order, the Court will assume that he brings it pursuant to Rule 54(b) and Local Civil Rule 7.1(i). Local Civil Rule 7.1(i) provides that a motion for reconsideration may only be brought on grounds of: (1) a material difference in fact or law from that presented to the Court; (2) the emergence of new material facts or a change of law; or (3) a manifest showing of a

---

[4] Plaintiff challenges the portion of Local Civil Rule 7.1 that gives a party discretion to file an "Agreement for Hearing Date."

14

failure to consider material facts. See LR 7.1(i). Plaintiff has not shown that any of these grounds have been met, but merely seeks to present a new argument to the Court, one which he could have brought previously. Accordingly, he has not met the requirements for a motion for reconsideration.

Moreover, Plaintiff's motion for reconsideration would fare no better under Rule 60(b), even if the Rule did apply. He has not presented any evidence showing "mistake, inadvertence, surprise, or excusable neglect" under Rule 60(b)(1), neither has he demonstrated that "applying [the order] prospectively is no longer equitable" under Rule 60(b)(5) or that "extraordinary circumstances" prevented him from properly representing his interests under Rule 60(b)(6). As such, Rule 60(b) does not provide Plaintiff relief from the Court's August 31, 2011 Order dismissing his constitutional question.

In sum, the Court denies the entirety of Plaintiff's Motion for Reconsideration (doc. # 114), including reconsideration of the dismissal of Count III of the FAC with prejudice and the dismissal of the constitutional question.

II.     Plaintiff's Motion for Reconsideration of the Court's August 31, 2011 Order

On January 27, 2012, Plaintiff filed a Motion for Reconsideration of the Court's August 31, 2011 Order denying his Motion for Reconsideration as to the Court's dismissal of Count III of the FAC with prejudice (doc. # 98) and

15

denying Plaintiff's two Motions to Vacate various Guam Superior and Supreme Court judgments (docs. ## 99, 100).[5] (Doc. # 123.) In each of these motions, Plaintiff essentially argues that the Court improperly applied the Rooker-Feldman doctrine and that it should void various judgments of the Superior and Supreme Courts of Guam.

Although Plaintiff relies on Rule 60(b) throughout his motion, this reliance is misplaced. Rule 60(b) does not apply to the instant motion for reconsideration because Plaintiff seeks reconsideration of several interlocutory orders. Thus, the relevant standard for Plaintiff's motion for reconsideration is found in Rule 54(b) and Local Civil Rule 7.1(i). Local Civil Rule 7.1(i) provides that a motion for reconsideration may only be brought on grounds of: (1) a material difference in fact or law from that presented to the Court; (2) the emergence of new material facts or a change of law; or (3) a manifest showing of a failure to consider material facts. See LR 7.1(i). Plaintiff has not demonstrated any of these grounds, but merely continues to disagree with the Court's application of the Rooker-

---

[5] In his Motion for Reconsideration (doc. # 123), Plaintiff also asks the Court to reconsider its March 31, 2011 Order (doc. # 94) holding Plaintiff's Motion to Vacate (doc. # 91) as moot. However, given that Plaintiff subsequently filed an essentially identical motion which the Court addressed on the merits (see docs. ## 99, 100, 112), the Court finds Plaintiff's Motion for Reconsideration itself to be moot.

Feldman doctrine.

Additionally, pursuant to Local Civil Rule 7.1(i), "[n]o motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." Plaintiff's Motion for Reconsideration essentially reasserts the same arguments regarding the application of the Rooker-Feldman doctrine to the instant case that the Court rejected in both its March 31, 2011 Order and its August 31, 2011 Order.

Moreover, even if Rule 60(b) applied, this Rule also provides Plaintiff no relief. Plaintiff invokes Rules 60(b)(3) and 60(b)(4).[6] Rule 60(b)(3) provides the Court may grant relief from judgment for fraud, misrepresentation, or other misconduct of an adverse party. To prevail, Plaintiff "must prove by clear and convincing evidence that the verdict was obtained through fraud, misrepresentation, or other misconduct and . . . [that] prevented the losing party from fully and fairly presenting its defense." Casey v. Albertson's Inc., 362 F.3d 1254, 1260 (9th Cir. 2004). While Plaintiff attacks various judgments of the Superior and Supreme Courts of Guam as fraudulent, he does not explain how this Court's finding that the Rooker-Feldman doctrine applies to the instant case was

---

[6] The Court finds Plaintiff's reliance on Rules 60(b)(1), (b)(5), (b)(6) to be duplicative of his prior motion for reconsideration (doc. # 114) and rejects them as grounds for relief for the same reasons discussed in Section I.

17

procured by fraud.

Plaintiff is also not assisted by Rule 60(b)(4). Rule 60(b)(4) allows a court to relieve a party from a final judgment if the judgment is void. "Rule 60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." United Student Aid Funds, Inc. v. Espinosa, 130 S. Ct. 1367, 1377 (2010).

Plaintiff has not alleged that this Court lacks jurisdiction to decide this case or acted in a manner inconsistent with due process. Plaintiff's allegations of impropriety in various proceedings of the Superior and Supreme Courts of Guam are inapposite because they do bear on whether this Court's previous orders are void. Moreover, to the extent that Plaintiff appears to argue a due process violation because of an alleged conflict of interest on the part of Chief Judge Tydingco-Gatewood, he fails to state grounds for relief under Rule 60(b)(4) because he already had the opportunity to be heard on this issue. Early in the litigation, Plaintiff moved for the recusal of Chief Judge Tydingco-Gatewood, which was denied. He then sought reconsideration of that ruling, which was also denied, and he finally appealed the order denying reconsideration to the Ninth Circuit. Although Plaintiff may disagree with the outcome of his motion to recuse Chief

18

Judge Tydingco-Gatewood, his disagreement does not amount to a denial of due process. Accordingly, Plaintiff's Motion for Reconsideration of the Court's August 31, 2011 Order is denied because he has failed to establish proper grounds for reconsideration.

III.   Plaintiff's Motion to Vacate the Court's August 31, 2011 Order

On August 31, 2012, Plaintiff filed a Motion to Vacate the Court's August 31, 2011 Order. (Doc. # 164.) Plaintiff's motion is duplicative of his prior two Motions for Reconsideration (docs. ## 114, 123). In his Motion to Vacate, Plaintiff expresses confusion over whether his prior motions for reconsideration (docs. ## 114, 123) have been mooted by the Second Amended Complaint, and goes on to reassert the same arguments that he made in these motions. Because the instant motion makes no new arguments and presents none of the required grounds for reconsideration under Local Civil Rule 7.1(i), the Court denies Plaintiff's Motion to Vacate (doc. # 164).

Finally, Plaintiff is advised that mere disagreement with this Court's prior orders is not grounds for reconsideration. See Haw. Stevedores, Inc. v. HT & T Co., 363 F. Supp. 2d 1253, 1269 (D. Haw. 2005). A motion for reconsideration is not a mechanism to allow parties to relitigate arguments already briefed, considered, and decided. Moreover, reconsideration may not be based on evidence

19

and legal arguments that could have been presented at the time of the challenged decision.  See id.  Plaintiff is advised that repeated filing of motions for reconsideration will not alter the standards set for reconsideration or make the Court any more likely to grant a motion for reconsideration.  Plaintiff is further advised that, absent extraordinary circumstances, any further motions for reconsideration of the Court's March 31, 2011 Order (doc. # 92) or August 31, 2011 Order (doc. # 112) are out of time and will not be considered on the merits.

## CONCLUSION

For the reasons stated above, the Court DENIES Plaintiff's Motions for Reconsideration (docs. ## 114, 123) and DENIES Plaintiff's Motion to Vacate (doc. # 164).

IT IS SO ORDERED.

Dated:  Honolulu, Hawaii, September 19, 2012.

_____
David Alan Ezra
Senior United States District Judge